

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

November 8, 2019

**Via ECF**

Honorable Nicholas G. Garaufis, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    <u>*Derchin v. Unilever U.S., Inc.*</u>, Case No. 1:18-cv-3543-NGG

Dear Judge Garaufis:

    This firm represents Unilever United States, Inc. ("Unilever"), the defendant in this action. We write to request a pre-motion conference regarding Unilever's intended motion to dismiss the Complaint (Dkt. 1) under Rule 12(b)(6), and briefly state here the grounds for the motion.

**I.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

    Unilever produces ice cream under the Breyers® brand, among others. Breyers ice cream is sold in several varieties, including the Natural Vanilla, Homemade Vanilla, French Vanilla, and Extra Creamy Vanilla variants mentioned or depicted in the Complaint. Plaintiffs' central allegation is that Unilever, by designating the products with the characterizing flavor "vanilla," are not only making a claim about how the ice cream tastes, but also making an implied claim that all of the vanilla taste of the Breyers ice creams comes from vanilla bean extract. This allegation fails, as a matter of law, for two reasons. First, no reasonable consumer would perceive the Breyers packaging to imply that all of the ice cream's vanilla taste must come from vanilla bean extract. Second, even if the Breyers packaging communicated the message alleged by Plaintiffs, they have no basis to contend that the message is false – i.e., that the vanilla flavor in Breyers ice cream does *not* all come from vanilla extract.

    To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled. *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer. *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013). Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive reasonable consumers. *See, e.g., Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019) (dismissing case against a claim of "made

**ATTORNEYS AT LAW**        BOSTON | NEW YORK | PARIS | WASHINGTON | FOLEYHOAG.COM

B5059074.1

with real butter" on mashed potato product because it would not communicate the absence of margarine to a reasonable consumer); *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 297, 334 (E.D.N.Y. 2018) (dismissing claim against a claim of "cold-pressed" juice because it would not communicate to a reasonable consumer that no processing after pressing had taken place); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated).

This Complaint should be dismissed on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Breyers ice cream as an ingredient claim. The flavor designator is there to tell the consumer how the ice cream will taste. No reasonable consumer would interpret the flavor designator as identifying the exclusive source of the vanilla taste in the ice cream. Plaintiffs also allege no plausible basis why a reasonable consumer, otherwise satisfied with the taste of the ice cream, would care whether the taste comes from vanilla bean extract or some other natural flavor.

In addition, Plaintiffs provide no basis for alleging that any of the vanilla taste in the Breyers ice creams in the suit comes from any source other than vanilla bean extract, other than a convoluted and illogical interpretation of the products' ingredient declarations. Plaintiffs allege that it is "plausible" or "likely" that there are flavorings in Breyers ice cream that simulate vanilla but that are not vanilla extract. In fact, these allegations are not "plausible" or "likely," but rather totally unfounded. It should be obvious to Plaintiffs, just from the fact that four different Breyers vanilla ice creams are described in the Complaint, that these varieties have different flavor elements, aside from vanilla. The obvious inference from the Breyers ingredient statement is that the vanilla taste is supplied by vanilla extract (as explicitly stated on the package, Dkt. 1 ¶ 34) and that other flavor notes are supplied by other natural flavorings.

## II. Plaintiffs' Attempt to Enforce Their Interpretation of Federal Food Regulations Is Preempted

Plaintiffs allege, in several places, that Unilever's packaging and labeling are not in compliance with regulations promulgated under the Food, Drug and Cosmetic Act (FDCA). Dkt. 1 ¶¶ 11, 16-19, 46, 53. Indeed, purported non-compliance with these regulations is proffered as the only basis for the allegation that the Breyers ice cream labeling is purportedly deceptive to consumers. Dkt. 1 ¶¶ 11, 18 n.7. This reveals the Complaint for what it really is: Plaintiffs' attempt privately to enforce the FDCA, filed because Plaintiffs' counsel believes it has spotted a technical violation of FDA regulations. But Plaintiffs are not the FDA, and are neither competent to interpret FDA regulations nor empowered to enforce them. The right to enforce the FDCA rests exclusively with the FDA. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"). To the extent that Plaintiffs are imposing additional labeling requirements beyond those of the FDCA, these are preempted. *See* 21 U.S.C. § 343-1(a)(1); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018).

Honorable Nicholas G. Garaufis, U.S.D.J.
November 8, 2019
Page 3

### III. The Court Has No Personal Jurisdiction Over the Out-of-State Plaintiffs and Should Dismiss Their Claims

The Complaint lists three named class representatives, two of them residents of other U.S. Districts, and an unspecified number of anonymous class representatives, seeking relief under the state deceptive-practices statutes and common laws of other states. Dkt. 1 ¶¶ 86-88. Plaintiffs purport to represent a nationwide class and 50 subclasses under no less than 47 state statutes from 41 states, listed in Paragraph 104, all but one of them outside of New York. No representative plaintiff is identified for 47 of the states in which statutory or common-law violations are alleged. *Id.* ¶ 89. Unilever is admitted to be a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 91. No connection between the injuries of the out-of-state Plaintiffs and this State or District is alleged.

Under the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a New York court would lack personal jurisdiction over Unilever as to claims brought on behalf of plaintiffs who are neither New York residents nor suffered their alleged injuries in New York. Courts in this District have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws. *In re Dental Supplies Antitrust Litig.*, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017) (dismissing class action for failure to allege a direct connection between the forum and the specific claims); *Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590-NGG-JO, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018) ("the court lacks general personal jurisdiction over Defendant to adjudicate the claims of the out-of-state class members because New York is not the state where Defendant's principal place of business is located nor is it where Defendant is incorporated").

### IV. Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiffs lack standing to seek preliminary or permanent injunctive relief because they fail to allege any likelihood that they will be deceived in the future by the challenged representations, and thus, fail to demonstrate any likelihood of continuing or future injury. *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

### V. The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Plaintiffs' fraud claim should be dismissed because they have not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Unilever either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiffs' negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between

Honorable Nicholas G. Garaufis, U.S.D.J.
November 8, 2019
Page 4

the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Plaintiffs' express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged. Plaintiffs' claim for breach of implied warranty of merchantability must be dismissed because they do not allege that they purchased Breyers ice cream directly from Unilever or suffered any personal injury. Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries. *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *14-15; *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The economic injuries alleged by Plaintiffs are not "personal injuries." *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Respectfully submitted,

August T. Horvath

B5059074.1